UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSIE GORATOWSKI,

     Plaintiff,

v.                   Case No. 21-cv-1054-bhl

KILOLO KIJAKAZI, Acting Commissioner for
Social Security Administration,

     Defendant.

## DECISION AND ORDER

  On October 19, 2022, the Court entered final judgment in favor of Plaintiff Jessie Goratowski and remanded this case to the Social Security Appeals Council pursuant to sentence four of 42 U.S.C. §405(g). (ECF Nos. 27 & 28.) On February 17, 2023, the parties alerted the Court to an oversight in its Order and corresponding judgment. (ECF No. 31.) The Court's Order stated:

> Because the only error Goratowski identified occurred before the Appeals Council, the Court will remand the case there for further consideration. "The Appeals Council shall then either make a decision on the case in accordance with the Secretary's regulations or remand the case to the ALJ for a recommended decision." *Nelson v. Bowen*, 855 F.2d 503, 508 (7th Cir. 1988).

*Goratowski v. Kijakazi*, 21-cv-1054-bhl, 2022 WL 11054083, at *7 (E.D. Wis. Oct. 19, 2022) (cleaned up). At the time the Seventh Circuit decided *Nelson*, the Social Security Administration's regulations provided that, when a federal court remanded a case to an ALJ, the ALJ was required to issue a recommended decision. *See* Hearings, Appeals and Litigation Law (HALLEX) manual I-2-8-15. But the agency subsequently "amended its regulations to remove this practice." *Id.* The current regulations provide that an ALJ will usually issue his or her own decision, but "*may* send the case to the Appeals Council with a recommended decision based on a preponderance of the evidence *when appropriate*." *See* 20 C.F.R. §416.1453(d) (emphasis added); *see also* 20 C.F.R. §416.1483; HALLEX I-2-8-15.

The Court's language suggests that, if the Appeals Council remands to an ALJ, that ALJ *must* issue a recommended decision. This is contrary to the revised regulations, which permit the ALJ to issue his or her own decision. The inconsistency between the Court's remand order and the agency's revised regulations was inadvertent. The parties' motion for a correction under Fed. R. Civ. P. 60(a) is therefore granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Unopposed Motion to Alter Judgment, ECF No. 31, is **GRANTED**. The sentence: "The Appeals Council shall then either make a decision on the case in accordance with the Secretary's regulations or remand the case to the ALJ for a recommended decision" *Goratowski*, 2022 WL 11054083, at *7, is **STRICKEN** from the Court's Order, ECF No. 27.

**IT IS FURTHER ORDERED** that the Court's Order and Judgment, ECF Nos. 27 and 28, are **AMENDED** to include the following language: "On remand, the Appeals Council will issue its own decision or will remand the case to an ALJ for a new decision."

Dated at Milwaukee, Wisconsin on February 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge